UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIONSO RODRIGUEZ VARGAS,<br><br>　　Plaintiff,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY et al.,<br><br>　　Defendants. | Case No. 2:24-cv-10797-SB-SSC<br><br><br>ORDER OF DISMISSAL |

　　After Plaintiff failed to file proof of service within the 90-day deadline under Federal Rule of Civil Procedure 4(m), the Court issued an order to show cause (OSC) why this action should not be dismissed for lack of prosecution, requiring Plaintiff to either show (1) that Defendants were served before the deadline or (2) good cause to extend the time for service. Dkt. No. 7. Plaintiff's response does neither. Instead, he states that he failed to serve Defendants—or even request the issuance of a summons—because he was not certain that he wished to pursue this action given "the change in presidential administrations" and because his counsel's attention was preoccupied with "an unexpected personnel issue at [his] firm." Dkt. No. 9. Neither Plaintiff's deliberate choice to hold a case in abeyance due to political shifts nor his counsel's vague personnel issue provides an adequate basis for finding good cause. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

　　Because he has failed to show good cause, Plaintiff is not entitled to an extension. A court, however, has discretion to grant an extension "even in the absence of good cause." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). Plaintiff made a *deliberate* decision to delay service out of indecision about whether to prosecute this case. He did not even request the issuance of the summons until 95 days after he filed the complaint. Dkt. No. 8. In response to the OSC, he does not even try to explain how "the change in presidential

administrations"—which was known when he filed this lawsuit in December 2024—caused his indecision, let alone justified any delay. This unexplained, deliberate choice to delay falls far short of excusable neglect. *See Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) ("[I]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect."). Nor has Plaintiff addressed, much less shown, any other reason why the Court should exercise its discretion to extend the time for service. *See Efaw*, 473 F.3d at 1041 (noting that a court "may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.") (cleaned up).

After evaluating the relevant factors, the Court exercises its "broad" discretion under Rule 4(m) to dismiss this action without prejudice. *See Sheehan*, 253 F.3d at 512; *Jones v. Wood*, 812 F. App'x 635 (9th Cir. 2020) (no abuse of discretion in dismissing claim where plaintiff failed to timely serve and did not show good cause or excusable neglect).

Date: March 27, 2025

Stanley B'umenfeld, Jr.
United States District Judge